# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOHN TOMINACK,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0733** (BOR Appeal No. 2055267)
                    (Claim No. 2016005162)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner John Tominack, by Counsel M. Jane Glauser, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by Counsel Aimee M. Stern, filed a timely response.

The issue on appeal is permanent partial disability due to carpal tunnel syndrome. The claims administrator granted an additional 3% permanent partial disability award on February 20, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 18, 2020, Order. The Order was affirmed by the Board of Review on August 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Tominack, a coal miner, developed carpal tunnel syndrome in the course of and resulting from his employment. In an April 23, 2015, treatment note, Marjorie Bush, M.D., noted that Mr. Tominack was treated for a lump on the right side of his wrist. Mr. Tominack reported that he had previously injured both wrists but had no residual pain. Mr. Tominack complained of numbness and decreased range of motion in the wrists, more severe on the right. It was noted that Mr. Tominack underwent an EMG ten years prior, but the results were unavailable. An x-ray showed significant radiocarpal narrowing. Mr. Tominack was diagnosed with bilateral carpal tunnel syndrome and ganglion cyst on the right wrist. Surgery was recommended for both wrists. The Employees' and Physicians' Report of Injury was signed by Dr. Bush on March 5, 2015, and lists the diagnosis as bilateral carpal tunnel syndrome.

Mr. Tominack returned to Dr. Bush with increased tingling and numbness in both hands on December 21, 2016. It was noted that he had a history of degenerative arthritis in the wrists and that the ganglion cyst previously noted had resolved. The claims administrator authorized bilateral carpal tunnel surgery and physical therapy on January 10, 2017. Dr. Bush performed the left carpal tunnel surgery on February 8, 2017. On March 23, 2017, Mr. Tominack reported good results and requested that surgery be scheduled for the right wrist. Mr. Tominack returned on November 15, 2017, and reported numbness in his right fingers. It was noted that his right carpal tunnel syndrome was severe.

In a December 1, 2017, Independent Medical Evaluation, Joseph Grady, M.D., noted that Mr. Tominack suffered a left wrist fracture in 2000. He reported numbness and tingling in both hands for many years. Dr. Grady noted that Mr. Tominack underwent left carpal tunnel surgery but was unable to have the right wrist done due to nonrelated heart issues. Dr. Grady found Mr. Tominack had reached maximum medical improvement for the left hand. Mr. Tominack would reach maximum medical improvement for the right hand after surgery. For the left hand, Dr. Grady found 2% impairment for sensory deficits and 1% for motor deficits, which combined for 3% upper extremity impairment. Dr. Grady then used Table 3 on page 20 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and assessed 2% impairment for left carpal tunnel syndrome. Dr. Grady declined to provide a rating for the right hand until after Mr. Tominack underwent surgery.

Mr. Tominack was granted a 2% permanent partial disability award for left carpal tunnel syndrome on December 14, 2017. On October 9, 2018, the claims administrator approved right carpal tunnel surgery and physical therapy. The surgery was performed by Dr. Bush on November 14, 2018. Dr. Bush completed an Attending Physician Benefit Form on December 6, 2018, stating that Mr. Tominack could return to full duty work on December 31, 2018, but he had not yet reached maximum medical improvement.

In a February 8, 2019, Independent Medical Evaluation, Dr. Grady noted that Mr. Tominack had some sensory abnormalities in both hands as well as some bony deformity and decreased range of motion attributable to arthritis. Mr. Tominack had reached maximum medical improvement. Dr. Grady noted that he previously assessed 2% left wrist impairment. He found Mr. Tominack's symptoms and examination of the left wrist to be unchanged. For the right wrist, Dr. Grady found 4% sensory impairment and 1% impairment for motor deficit, which combined and reduced to 3% impairment for the right wrist. The claims administrator granted an additional 3% permanent partial disability award on February 20, 2019.

Bruce Guberman, M.D., performed an Independent Medical Evaluation on July 31, 2019, in which he found 11% right wrist impairment for sensory deficit and 1% for motor deficit for a combined total of 12% upper extremity impairment. Dr. Guberman then used Table 3 on page 20 of the American Medical Association's *Guides* and converted the impairment to 7%. Because impairment for carpal tunnel syndrome is statutorily capped at 6%, Dr. Guberman adjusted his rating to 6% impairment for the right wrist. For the left carpal tunnel syndrome, Dr. Guberman assessed 11% sensory deficit impairment and 1% impairment for motor deficit for a combined total of 12% upper extremity impairment. Dr. Guberman then used Table 3 on page 20 of the American Medical Association's *Guides* and converted the impairment to 7%, which Dr. Guberman adjusted to 6% for the left wrist. His combined total impairment assessment was therefore 12% for bilateral carpal tunnel syndrome.

The Office of Judges affirmed the claims administrator's grant of an additional 3% impairment for carpal tunnel syndrome in its March 18, 2020, Order. Mr. Tominack was previously granted a 2% award for left carpal tunnel syndrome. The Office of Judges found that there were two evaluators of record, Dr. Grady and Dr. Guberman. Dr. Grady examined Mr. Tominack twice and found 2% left wrist impairment and 3% right wrist impairment due to carpal tunnel syndrome. Dr. Guberman, on the other hand, found 6% impairment for each wrist for a total of 12% impairment for bilateral carpal tunnel syndrome. The Office of Judges found that the record consistently shows that Mr. Tominack's carpal tunnel syndrome is worse on the right. Therefore, Dr. Guberman's finding of exactly the same amount of impairment for each wrist was unsupported by the record. The Office of Judges concluded that Dr. Grady's finding of 2% left wrist and 3% right wrist impairment was the most reliable of record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Tominack underwent surgery on both wrists due to carpal tunnel syndrome and saw improvement in his symptoms. Further, the evidence indicates that his symptoms have been consistently worse on the right than on the left. Dr. Guberman's finding of

3

identical impairment for each wrist is unsupported by the record. Dr. Grady's opinion is the most reliable.

Affirmed.

**ISSUED: February 25, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment.

4